COBB, Judge,
concurring in the result.
Following a motor-vehicle accident that resulted in the death of another driver, Perry Lane Davis was indicted for reckless murder and was convicted of manslaughter. I concur fully in the majority’s analysis and conclusions as to issues II-VI of the unpublished memorandum. I write to address issue I.
In issue I, Davis alleged that the trial court erred when it admitted evidence indicating that Davis had been charged with driving under the influence of alcohol (“DUI”) after the date of the incident for which he was being tried. Davis alleged that the evidence should have been precluded under Rule 404(b), Ala. R. Evid. The majority declines to address whether the evidence was admissible. Instead, it holds that, even if the evidence was erroneously admitted, its admission was harmless error.
The issue was not preserved for review by a timely objection. The trial court held a pretrial hearing on the admissibility of evidence of DUI arrests and convictions occurring before and after the charged offense that the State intended to introduce. The court specifically withheld ruling on the arrest for DUI that occurred after the accident at issue here, and instructed the State to avoid reference to it in its opening argument.
During the State’s cross-examination of Davis, the prosecutor asked how many pri- or DUIs he had, and Davis stated he had three or four. The prosecutor then asked when he last had been arrested for a DUI and defense counsel objected on grounds that the question should be limited to convictions. The prosecutor then asked Perry when he was last charged with a DUI, and defense counsel stated, “Objection, again, Your Honor.” (R. 157.) The trial court overruled the objection. Davis testified that he had been charged with DUI in August 2002, a date after the date of the incident for which he was on trial.
Davis never received an adverse ruling on his objection that the admission of evidence regarding the DUI arrest that occurred after the charged offense was improper under Rule 404(b). The trial court specifically declined to rule on the objection pretrial, and when the State elicited testimony from Davis at trial about the arrest, defense counsel objected only on grounds that the inquiry should be limited to convictions. Because testimony regarding the post-incident DUI arrest was given without objection on Rule 404(b) grounds at trial, Davis has no adverse ruling from which to appeal, and the issue was not preserved for our review. E.g., D.K.T. v. State, [Ms. CR-02-1130, June 27, 2003] — So.2d —- (Ala.Crim.App.2003).
Moreover, if the objection had been preserved for this Court’s review, I believe it would have been appropriate to address the admissibility of the evidence. Evidence indicating that Davis had been arrested for DUI after the accident at issue here was clearly improper and was a direct violation of Rule 404(b). Davis was charged with reckless murder, an offense that does not involve proof of a specific intent to kill. E.g., Haney v. State, 603 So.2d 368, 398 (Ala.Crim.App.1991). The prosecutor stated that that he was offering the evidence of DUI arrests to show that Davis “acted in conformity on that date just as he has in the other dates when this wreck occurred. He drinks and drives.... ” (R. 15.) He then stated, “We may be using it to pile on, Judge, because it’s there just like all the other prior DUIs.” (R. 16.) Rule 404(b) states, “Evidence of other crimes, wrongs, or acts is *886 not admissible to prove the character of a person in order to show action in conformity therewith.” The impropriety of the evidence is clear, and because the majority chose to address the merits of the issue at all, I believe the better course of action would have been to acknowledge that the evidence was improper and that it should not have been admitted at trial. That said, I agree fully with the majority’s determination that the error was harmless, because the evidence of Davis’s guilt was overwhelming and because evidence of Davis’s three or four prior DUI convictions was admitted without objection.
For the foregoing reasons, I concur in the result.